# ALBERTO WILL ET AL.

*v.*

# J. TORNABELLS & COMPANY ET AL.

San Juan, Equity, No. 154.

The filing of a suit in equity is notice, without other proceedings, to all persons dealing with the property involved. Ante, p. 9.

Order filed September 14, 1906.

*Messrs. Horton & Cornwell* and *N. B. K. Pettingill,* solicitors for plaintiffs.

*Mr. Francis H. Dexter,* solicitor for defendants.

RODEY, Judge, delivered the following opinion:

This matter is before the court at the present time on a motion of El Banco de Soller, of Spain, and Fritze, Lundt, & Company, of Mayaguez, P. R., to have the pieces of property upon which they respectively allege they have mortgages stricken from the list of properties which the receiver, recently appointed by this court, was authorized to take possession of. It appears from the argument made by counsel on this motion, when recently presented, that the bill of complaint was filed on June 23, 1902; that service of the subpœna was made upon all but two of the defendants four days later, on June 27, 1902; on one other defendant on July 1, 1902; and the remaining

Will v. Tornabells & Company.

defendant has never been served, but he, as it is said, is not a necessary party.

The complainants are all judgment creditors of the defendants J. Tornabells & Company, and seek by their bill to follow what they allege is a fraudulent transfer of some twenty odd pieces of real estate, and subject the same to the payment of their judgment claims. The Banco de Soller took a mortgage on some of the property mentioned in complainants' bill, on June 18, 1902, five days before the bill herein was filed, but this mortgage was not recorded until July 3, 1902, or two days after every defendant that has been served with process in the cause had been served. Thus it appears that, although the mortgage of the Banco de Soller was taken five days before the bill was filed, it was not recorded until the chancery *lis pendens* effect of the complainants' bill was in full force. Therefore, whatever the rights of the Banco de Soller are (and the court does not decide them at this time), it is manifest that this court was first to have jurisdiction of the subject-matter in controversy, affecting the title to the land in question. Therefore, any act of the insular court in the way of foreclosing such mortgage could not affect the final decree herein.

As to Fritze, Lundt, & Company, their mortgage was taken, as it is said, long after the filing of the bill herein, and therefore, they are, without question, subject to, and bound by, the notice of *lis pendens* that resulted from the filing of complainants' bill.

The matter of the effect of a chancery notice of *lis pendens* in this jurisdiction, in the absence of any warning notice in the county records, as against the local registry or mortgage law, is now *sub judice*, and, so far as this court is concerned, is *stare decisis*, as it is pending in the Supreme Court of the United States in cause No. 253, entitled Romeu v. Todd, ante,

Will v. Tornabells & Company.

p. 9, appealed from this court.* That is a case wherein the question referred to is squarely raised, and where a previous judge of this court held that the chancery notice of *lis pendens* is in full force and effect in this court in Porto Rico, and that all purchasers or mortgagees of property affected *pendente lite* are bound by it.

The court therefore holds that the motion to strike out of the list of property of which its receiver should take possession, the pieces of the same upon which the Banco de Soller and Fritze, Lundt, & Company have alleged mortgages, must be denied, and the rights of the parties must be litigated in this court; but the same is done without prejudice to said parties to press a motion to speed the proceedings in the main cause. And, in that behalf, it is

ORDERED: That the complainants in the main suit, within ten days from this date, cause the said Banco de Soller and the said Fritze, Lundt, & Company, to be made parties defendant in the premises; and further, that no delay shall occur in bringing to issue the additional pleadings thus made necessary in the premises.

The court is of opinion that the complainants in this cause are guilty of unwarranted laches and delay in the prosecution of their suit, the same having been pending for four years here with little or nothing substantial, looking towards the original objects of the bill, having been accomplished; and warns them that the rights of these moving parties, now to be brought in as defendants, will not be permitted to be prejudiced by further unnecessary delay in the premises. These new parties will be heard at all proper times hereafter, if it shall happen that the cause is not speeded, as the court intends by this order it shall be.

---

*[Reversed in 206 U. S. 358, 51 L. ed. 1093, 27 Sup. Ct. Rep. 724.]